SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

ELECTRONICALLY FILED
Superior Court of California
County of Alameda
09/02/2025
Chad Finke, Executive Officer / Clerk of the Court
By: A. Gospel Deputy

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
TOTAL QUALITY LOGISTICS, LLC, an Ohio limited liability company, and DOES 1-20, inclusive

**YOU ARE BEING SUED BY PLAINTIFF**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
ANZA RE, LLC, a Delaware limited liability company

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

***¡AVISO!*** *Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California* (www.sucorte.ca.gov)*, en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services,* (www.lawhelpcalifornia.org)*, en el Centro de Ayuda de las Cortes de California,* (www.sucorte.ca.gov) *o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
ALAMEDA COUNTY SUPERIOR COURT
1225 Fallon Street
Oakland, CA 94612

CASE NUMBER:
*(Número del Caso):*
25CV140363

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Richard E. Elder; Craig A. Kisylia Tel: (415) 981-0550
LUBIN OLSON & NIEWIADOMSKI LLP
600 Montgomery Street, 14th Floor, San Francisco, CA 94111

DATE: 09/02/2025 Clerk, by A. Gospel, Deputy
*(Fecha)* Chad Finke, Executive Officer / Clerk of the Court *(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

EXHIBIT 1

[SEAL]
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ALAMEDA

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☑ on behalf of *(specify)*: TOTAL QUALITY LOGISTICS, LLC, an Ohio limited liability company

under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☑ other *(specify)*: Limited Liability Company

4. ☑ by personal delivery on *(date)*: 11/3/25



Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Richard E. Elder (SBN 205389); Craig A. Kisylia (SBN 325702)
LUBIN OLSON & NIEWIADOMSKI LLP
600 Montgomery Street, 14th Floor, San Francisco, CA 94111
TELEPHONE NO.: (415) 981-0550 FAX NO.: (415) 981-4343
EMAIL ADDRESS: relder@lubinolson.com
ATTORNEY FOR *(Name):* ANZA RE, LLC

FOR COURT USE ONLY

ELECTRONICALLY FILED
Superior Court of California,
County of Alameda
09/02/2025 at 03:37:13 PM
By: Andrel Gospel,
Deputy Clerk

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME: René C. Davidson Courthouse

CASE NAME: ANZA RE, LLC v. TOTAL QUALITY LOGISTICS, LLC, et al.

## CIVIL CASE COVER SHEET

☒ **Unlimited** (Amount demanded exceeds $35,000)
☐ **Limited** (Amount demanded is $35,000 or less)

**Complex Case Designation**
☐ Counter ☐ Joinder
Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: 25CV140363
JUDGE:
DEPT.:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☒ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☒ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. ☒ monetary b. ☐ nonmonetary; declaratory or injunctive relief c. ☒ punitive
4. Number of causes of action *(specify):* 2
5. This case ☐ is ☒ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: September 2, 2025

Richard E. Elder
(TYPE OR PRINT NAME)

▶ [signature]
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
- Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease
    - Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
- Confession of Judgment *(non-domestic relations)*
- Sister State Judgment
- Administrative Agency Award *(not unpaid taxes)*
- Petition/Certification of Entry of Judgment on Unpaid Taxes
- Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>Administration Building, 1221 Oak Street, Oakland, CA 94612 | FILED<br>Superior Court of California<br>County of Alameda<br>09/02/2025<br>Chad Finke, Executive Officer/Clerk of the Court<br>By: [signature] Deputy<br>A. Gospel |
| PLAINTIFF(S):<br>ANZA RE, LLC, a Delaware limited liability company | |
| DEFENDANT(S):<br>TOTAL QUALITY LOGISTICS, LLC, an Ohio limited liability company | |
| **NOTICE OF CASE ASSIGNMENT** | CASE NUMBER:<br>25CV140363 |

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Pursuant to Rule 3.734 of the California Rules of Court and Title 3 Chapter 2 of the Local Rules of the Superior Court of California, County of Alameda, this action is hereby assigned by the Presiding Judge for all purposes to:

| | |
|---|---|
| ASSIGNED JUDGE: | Peter Borkon |
| DEPARTMENT: | 15 |
| LOCATION: | Rene C. Davidson Courthouse<br>Administration Building, 1221 Oak Street, Oakland, CA 94612 |
| PHONE NUMBER: | (510) 267-6931 |
| FAX NUMBER: | |
| EMAIL ADDRESS: | Dept15@alameda.courts.ca.gov |

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

Please note: In this case, any challenge pursuant to Code of Civil Procedures section 170.6 must be exercised within the time period by law. (See Code of Civ. Proc. §§ 170.6, subd. (a.)(2) and 1013)

NOTICE OF NONAVAILABILITY OF COURT REPORTERS: Effective June 4, 2012, the court will not provide a court reporter for civil law and motion hearings, any other hearing or trial in civil departments, or any afternoon hearing in Department 201 (probate). Parties may arrange and pay for the attendance of a certified shorthand reporter. In limited jurisdiction cases, parties may request electronic recording. Amended Local Rule 3.95 states: "Except as otherwise required by law, in general civil case and probate departments, the services of an official court reporter are not normally available. For civil trials, each party must serve and file a statement before the trial date indicating whether the party requests the presence of an official court reporter."

GENERAL PROCEDURES

Following assignment of a civil case to a specific department, all pleadings, papers, forms, documents and writings can be submitted for filing at either Civil Clerk's Office, located at the Rene C. Davidson Courthouse, Room 109, 1225 Fallon Street, Oakland, California, 94612, and the Hayward Hall of Justice, 24405 Amador Street, Hayward, California, 94544 and through Civil e-filing. Information regarding Civil e-filing can be found on the courts website. All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

**ASSIGNED FOR ALL PURPOSES TO**
**JUDGE** Peter Borkon
**DEPARTMENT** 15

All parties are expected to know and comply with the Local Rules of this Court, which are available on the court's website at http://www.alameda.courts.ca.gov/Pages.aspx/Local-Rules(1) and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

Parties must meet and confer to discuss the effective use of mediation or other alternative dispute processed (ADR) prior to the Initial Case Management Conference. The court encourages parties to file a "Stipulation to Attend ADR and Delay Initial Case Management Conference for 90 Days." The court's website contains this form and other ADR information. If the parties do not stipulate to attend ADR, the parties must be prepared to discuss referral to ADR at the Initial Case Management Conference.

COURT RESERVATIONS

The use of the Court Reservation System (CRS) is now mandated in many civil courtrooms within the Alameda County Superior Court. Instead of calling or emailing the courtroom to make a reservation, parties with a case assigned to a courtroom using CRS are directed to utilize CRS to make and manage their own reservations, within parameters set by the courtrooms. CRS is available 24 hours a day, seven days a week and reservations can be made from a computer or smart phone. Please note, you are prohibited from reserving more than one hearing date for the same motion.

Prior to scheduling any motion on CRS, including any Applications for Orders for Appearance and Examination, or continuing any motion, please review the online information (if any) for the courtroom in which you are reserving. There may be specific and important conditions associated with certain motions and proceedings. Information is available on the court's eCourt Public Portal at www.eportal.alameda.courts.ca.gov.

Chad Finke, Executive Officer / Clerk of the Court

By [signature]

A. Gospel, Deputy Clerk

| SUPERIOR COURT OF CALIFORNIA COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS: Rene C. Davidson Courthouse Administration Building, 1221 Oak Street, Oakland, CA 94612 | FILED Superior Court of California County of Alameda 09/02/2025 Chad Finke, Executive Officer / Clerk of the Court By: A. Gospel, Deputy |
| PLAINTIFF: ANZA RE, LLC, a Delaware limited liability company | |
| DEFENDANT: TOTAL QUALITY LOGISTICS, LLC, an Ohio limited liability compa | |
| **NOTICE OF CASE MANAGEMENT CONFERENCE** | CASE NUMBER: 25CV140363 |

TO THE PLAINTIFF(S)/ATTORNY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (Cal. Rules of Court, 3.110(b)).

Give notice of this conference to all other parties and file proof of service.

Your Case Management Conference has been scheduled on:

| | |
|---|---|
| Date: 02/03/2026 | Time: 2:30 PM   Dept.: 15 |
| Location: | Rene C. Davidson Courthouse<br>Administration Building, 1221 Oak Street, Oakland, CA 94612 |

TO DEFENDANT(S)/ATTORNEY(S) FOR DEFENDANT(S) OF RECORD:

The setting of the Case Management Conference does not exempt the defendant from filing a responsive pleading as required by law, you must respond as stated on the summons.

TO ALL PARTIES who have appeared before the date of the conference must:

Pursuant to California Rules of Court, 3.725, a completed Case Management Statement (Judicial Council form CM-110) must be filed and served at least 15 calendar days before the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record.

**Meet and confer**, in person or by telephone as required by Cal. Rules of Court, rule 3.724.

**Post jury fees** as required by Code of Civil Procedure section 631.

If you do not follow the orders above, the court may issue an order to show cause why you should not be sanctioned under Cal. Rules of Court, rule 2.30. Sanctions may include monetary sanctions, striking pleadings or dismissal of the action.

The judge may place a Tentative Case Management Order in your case's on-line register of actions before the conference. This order may establish a discovery schedule, set a trial date or refer the case to Alternate Dispute Resolution, such as mediation or arbitration. Check the court's eCourt Public Portal for each assigned department's procedures regarding tentative case management orders at https://eportal.alameda.courts.ca.gov.

Expedited Jury Trials

If the parties agree, they may try the case in an Expedited Jury Trial. Code of Civ. Proc. § 630.01 et seq. In short, the parties would agree to the following: 8 jurors (6 must agree); 3 peremptory challenges per side; 5-hour time limit per side, unless otherwise agreed and approved; one to two court days for completion, unless otherwise agreed and approved; high/low arrangement option; and limited right to appeal. For additional information, please see the following links:

- EJT-010-INFO* Expedited Jury Trial Information Sheet (ca.gov)
- EJT-008 Agreement of Parties (Mandatory Expedited Jury Trial Procedures) (ca.gov)
- EJT-020 [Proposed] Consent Order for Voluntary Expedited Jury Trial (ca.gov)

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp<br>**FILED**<br>Superior Court of California<br>County of Alameda<br>09/02/2025<br>Chad Finke, Executive Officer / Clerk of the Court<br>By: [signature] Deputy<br>A. Gospel |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | |
| PLAINTIFF/PETITIONER:<br>ANZA RE, LLC, a Delaware limited liability company | |
| DEFENDANT/RESPONDENT:<br>TOTAL QUALITY LOGISTICS, LLC, an Ohio limited liability company | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>25CV140363 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the attached document upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Oakland, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Richard Elder
LUBIN OLSON & NIEWIADOMSKI LLP
600 Montgomery Street, 14th Floor
San Francisco, CA 94111

Chad Finke, Executive Officer / Clerk of the Court

Dated: 09/04/2025 By: [signature]

A. Gospel, Deputy Clerk

# Superior Court of California, County of Alameda
## Alternative Dispute Resolution (ADR) Information Packet

The person who files a civil lawsuit (plaintiff) must include the ADR Information Packet with the complaint when serving the defendant. Cross complainants must serve the ADR Information Packet on any new parties named to the action.

The Court *strongly encourages* the parties to use some form of ADR before proceeding to trial. You may choose ADR by:

- Indicating your preference on Case Management Form CM-110. If applicable, when you file your CM-110 file one of the following:
  - Parties seeking early ADR may request a delay of the Initial Case Management Conference (CMC) by filing form ALA ADR-001, Stipulation to Attend Alternative Dispute Resolution (ADR) and Delay the Initial CMC for 90 days.
  - Parties seeking referral to the Civil and Probate Mediation Panel (CMP) should file with the clerk a Request for Referral to CMP and Proposed Order.
- Agreeing to ADR at your Initial Case Management Conference.

**QUESTIONS?** Call (510) 891-6055. Email: adrprogram@alameda.courts.ca.gov
Or visit the court's website at www.alameda.courts.ca.gov/general-information/adr

### What Are the Advantages of Using ADR?

- ***Faster*** –Litigation can take years to complete but ADR usually takes weeks or months.
- ***Cheaper*** – Parties can save on attorneys' fees and litigation costs.
- ***More control and flexibility*** – Parties choose the ADR process appropriate for their case.
- ***Cooperative and less stressful*** – In mediation, parties cooperate to find a mutually agreeable resolution.
- ***Preserve Relationships*** – A mediator can help you effectively communicate your interests and point of view to the other side. This is an important benefit when you want to preserve a relationship.

### What Is the Disadvantage of Using ADR?

- ***You may go to court anyway*** – If you cannot resolve your dispute using ADR, you may still have to spend time and money resolving your lawsuit through the courts.

### What ADR Options Are Available?

- ***Mediation*** – A neutral person (mediator) helps the parties communicate, clarify facts, identify legal issues, explore settlement options, and agree on a solution that is acceptable to all sides.

- **Court Mediation Program**: Mediators do not charge fees for the first two hours of mediation. If parties need more time, they must pay the mediator's regular fees.

  Some mediators ask for a deposit before mediation starts which is subject to a refund for unused time.

- **Private Mediation**: This is mediation where the parties pay the mediator's regular fees and may choose a mediator outside the court's panel.

* ***Arbitration*** – A neutral person (arbitrator) hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial and the rules of evidence are often relaxed. Arbitration is effective when the parties want someone other than themselves to decide the outcome.

  - **Judicial Arbitration Program (**non-binding**)**: The judge can refer a case, or the parties can agree to use judicial arbitration. The parties select an arbitrator from a list provided by the court. If the parties cannot agree on an arbitrator, one will be assigned by the court. There is no fee for the arbitrator. The arbitrator must send the decision (award of the arbitrator) to the court. The parties have the right to reject the award and proceed to trial.

  - **Private Arbitration (**binding and non-binding**)** occurs when parties involved in a dispute either agree or are contractually obligated. This option takes place outside of the courts and is normally binding meaning the arbitrator's decision is final.

**Mediation Service Programs in Alameda County**

Low-cost mediation services are available through non-profit community organizations. Trained volunteer mediators provide these services. Contact the following organizations for more information:

**Center for Community Dispute Settlement**
291 McLeod Street, Livermore, CA 94550
Telephones: (925) 337-7175 | (925) 337-2915 (Spanish)
Website: www.trivalleymediation.com
CCDS provides services in the Tri-Valley area for all of Alameda County.

**The Congress of Neutrals**
3478 Buskirk Avenue, Suite 1000, Pleasant Hill, CA 94523
Telephone: (925) 937-3008 Website: www.congressofneutrals.org
Their mission is to serve the community, promote harmony and help resolve conflict, one conversation at a time.

Note: For a list of additional mediation service providers, please contact the ADR Office.

ELECTRONICALLY FILED
Superior Court of California,
County of Alameda
09/02/2025 at 03:37:13 PM
By: Andrel Gospel,
Deputy Clerk

Richard E. Elder (SBN 205389)
Craig A. Kisylia (SBN 325702)
LUBIN OLSON & NIEWIADOMSKI LLP
The Transamerica Pyramid
600 Montgomery Street, 14th Floor
San Francisco, California 94111
Telephone: (415) 981-0550
Facsimile: (415) 981-4343
relder@lubinolson.com
ckisylia@lubinolson.com

Attorneys for Plaintiff
ANZA RE, LLC, a Delaware limited liability company

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ALAMEDA

ANZA RE, LLC, a Delaware limited liability company,

Plaintiff,

v.

TOTAL QUALITY LOGISTICS, LLC, an Ohio limited liability company, and DOES 1-20, inclusive,

Defendant.

Case No. 25CV140363

**COMPLAINT FOR:**

1. **Intentional Misrepresentation; and**
2. **Negligent Misrepresentation**

Trial Date: Not Set

Plaintiff Anza RE, LLC, a Delaware limited liability company ("Anza") hereby complains and alleges as follows:

**THE PARTIES**

1. Anza is, and at all relevant times herein mentioned was, a limited liability company duly organized and existing under the laws of the State of Delaware. Anza's principal place of business is located in Oakland, California.

2. Anza is informed and believes and, on that basis, alleges that Defendant Total Quality Logistics, LLC ("TQL") is, and at all relevant times herein mentioned was, a limited

liability company organized and existing under the laws of the State of Ohio. Anza alleges on information and belief that TQL does not reside in the State of California.

3. Anza is ignorant of the true names and capacities of Defendants Does 1 through 20, inclusive, and therefore sues those Defendants by such fictitious names. Anza will amend this complaint to allege the true names and capacities of these fictitiously-named Defendants when the same have been ascertained. Upon information and belief, at all times mentioned herein, each of the fictitiously-named Defendants is liable or responsible in some manner to Anza on and for the facts hereinafter alleged in that Anza's damages as herein alleged were proximately caused by such Defendants, and each of them.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter because the defendant purposefully directed its activities at the State of California intending that its conduct would cause harm in California and the amount in controversy exceeds the statutory minimum for unlimited jurisdiction cases.

5. Venue is proper in Alameda County because Anza is informed and believes that no defendant resides in the State of California.

## FACTUAL BACKGROUND

6. On February 28, 2025, TQL submitted a written proposal to Anza offering to handle and store certain goods (the "Services") in warehouse space purportedly controlled by TQL (the "Warehouse"). TQL reaffirmed the proposal in writing shortly thereafter.

7. On April 14, 2025, at TQL's suggestion, Anza conducted an in-person inspection of the Warehouse hosted by TQL and the owner of the Warehouse. During the in-person inspection, neither TQL nor the Warehouse's owner disclosed to Anza that the Warehouse would not be available for Anza's use. On April 24, 2025, TQL expressly offered Anza space in the Warehouse. The same day, Anza confirmed to TQL that Warehouse was suitable and that Anza intended to have the goods handled and stored in the Warehouse. In response to Anza's April 24, 2025, confirmation, Anza received no response or other indication from TQL that TQL would be unable to provide the Services at the Warehouse.

8. On May 9, 2025, Anza transmitted an inbound delivery schedule to TQL indicating that approximately 479 containers of goods were set to be delivered to the Warehouse beginning on or about June 3, 2025. Anza received no objection to this schedule or any indication from TQL that TQL or the Warehouse would be unable or unwilling to receive this delivery.

9. On May 30, 2025, just days before the goods were scheduled for delivery, TQL informed Anza that the Warehouse was not available to receive or store the goods. During the meeting, TQL admitted that it had never executed an agreement with the Warehouse's owner and therefore could not utilize its facilities.

10. Anza is informed and believes that TQL knew that it had not secured the Warehouse for the Services when TQL:

- Submitted a proposal to Anza on February 28, 2025 for the Services to be provided at the Warehouse;
- Affirmed the proposal to Anza;
- Hosted Anza for the April 14, 2025, in-person inspection of the Warehouse;
- Expressly offered space in the Warehouse to Anza on April 24, 2025;
- Did not object to Anza's confirmation on April 24, 2025 that the facilities were suitable and that Anza intended to permit TQL to handle and store the goods; and
- Did not object to Anza's May 9, 2025, notice of an inbound delivery schedule.

11. Because of TQL's statements and Anza's reasonable reliance upon TQL's repeated representations that the Warehouse would be available for the Services, Anza has been forced to incur, and has incurred, substantial costs related to demurrage, extra handling, and redelivery fees for the goods that would have been delivered to the Warehouse but for TQL's derelictions and false statements.

## FIRST CAUSE OF ACTION

**Intentional Misrepresentation**

**(Against TQL and DOES 1-20)**

12. Anza realleges and incorporates by reference paragraphs 1 through 11 of the Complaint as though fully set forth herein.

13. In February of 2025, TQL submitted a proposal to Anza whereby TQL represented to Anza that it could and would provide the Services at the Warehouse. TQL affirmed this representation to Anza, which Anza confirmed on March 12, 2025. TQL also hosted an in-person inspection of the Warehouse on April 14, 2025. During that inspection, TQL affirmed its prior representation that it could and would provide the Services at the Warehouse. TQL again represented that it could and would provide the Services at the Warehouse in correspondence dated April 24, 2025. On May 9, 2025, Anza transmitted an inbound delivery schedule to TQL indicating that approximately 479 containers of goods were set to be delivered to the Warehouse beginning on or about June 3, 2025. TQL did not object to Anza's May 9th schedule and, in failing to do so, affirmed its prior representation that it could provide the Services at the Warehouse.

14. Each of TQL's representations that it could and would provide the Services at the Warehouse was false at the time that TQL made each such representation to Anza. The truth was that TQL had not secured access to the Warehouse and never would. Anza is informed and believes that TQL knew that its representation was false each time that TQL made it.

15. TQL intended that Anza rely on its representation that TQL could and would provide the Services at the Warehouse, and Anza reasonably relied upon said representation.

16. As a direct and proximate result of TQL's intentional misrepresentation that it could and would provide the Services at the Warehouse, and Anza's reasonable reliance thereon, Anza has been damaged in an amount subject to proof at trial, but not less than $1,300,000, and Anza is entitled to recover such damages based on the intentional misrepresentations made by TQL.

17. TQL's misrepresentations were made with malice and wanton disregard for the rights of Anza. For that reason and others, Anza is entitled to an award of punitive damages.

## SECOND CAUSE OF ACTION

### Negligent Misrepresentation

### (Against TQL and DOES 1-20)

18. Anza realleges and incorporates by reference paragraphs 1 through 11 of the Complaint as though fully set forth herein.

19. In February of 2025, TQL submitted a proposal to Anza whereby TQL represented to Anza that it could and would provide the Services at the Warehouse. TQL affirmed this representation to Anza, which Anza confirmed on March 12, 2025. TQL also hosted an in-person inspection of the Warehouse on April 14, 2025. During that inspection, TQL affirmed its prior representation that it could and would provide the Services at the Warehouse. TQL again represented that it could and would provide the Services at the Warehouse in correspondence dated April 24, 2025. On May 9, 2025, Anza transmitted an inbound delivery schedule to TQL indicating that approximately 479 containers of goods were set to be delivered to the Warehouse beginning on or about June 3, 2025. TQL did not object to Anza's May 9th schedule and, in failing to do so, affirmed its prior representation that it could provide the Services at the Warehouse.

20. TQL's representation to Anza that TQL could provide the Services at the Warehouse was not true, because, as TQL knew or should have known, TQL had not secured, and never did secure, access to the Warehouse.

21. To the extent TQL may have believed its representation that it could provide the Services at the Warehouse was true each time TQL made it, or that it could secure access to the Warehouse in advance of the delivery date contemplated by the parties, TQL had no reasonable grounds for believing that it could do so.

22. TQL intended that Anza rely on its representation that it could and would provide the Services at the Warehouse, and Anza reasonably relied on these representations.

23. As a direct and proximate result of TQL's negligent misrepresentations that it could and would provide the Services at the Warehouse, and Anza's reasonable reliance thereon, Anza has been damaged in an amount subject to proof at trial, but not less than $1,300,000, and Anza is entitled to recover such damages from TQL.

24. TQL's misrepresentations were made with malice and wanton disregard for the rights of Anza. For that reason and others, Anza is entitled to an award of punitive damages.

**PRAYER**

Plaintiff Anza RE, LLC therefore prays for judgment against Defendant Total Quality Logistics, LLC, as follows:

1. For special and general damages in an amount to be proven at time of trial and in excess of the jurisdictional minimums of this Court;

2. For pre and post-judgment interest to the extent permitted by law;

3. For punitive and exemplary damages as a result of the defendant's intentional misrepresentation and willful, wanton and oppressive conduct;

4. For reasonable attorneys' fees as permitted by applicable law;

5. For the expenses and costs of suit incurred herein; and

6. For such other and further relief as the Court may deem just and proper.

Dated: September 2, 2025

LUBIN OLSON & NIEWIADOMSKI LLP

By: Richard E. Elder [signature]

Richard E. Elder
Attorneys for Plaintiff
ANZA RE, LLC

**ALA ADR-001**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (*Name, State Bar number, and address*)<br>TELEPHONE NO.: FAX NO. (*Optional*):<br>E-MAIL ADDRESS (*Optional*):<br>ATTORNEY FOR (*Name*): | ***FOR COURT USE ONLY*** |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, ALAMEDA COUNTY**<br>STREET ADDRESS:<br>MAILING ADDRESS:<br>CITY AND ZIP CODE:<br>BRANCH NAME | |
| PLAINTIFF/PETITIONER:<br>DEFENDANT/RESPONDENT: | |
| **STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR) AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS** | CASE NUMBER: |

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

This stipulation is effective when:

- All parties have signed and filed this stipulation with the Case Management Conference Statement at least 15 days before the initial case management conference.
- A copy of this stipulation has been received by the ADR Program Administrator, 24405 Amador Street, Hayward, CA 94544, or Fax to (510) 267-5727.

1. Date complaint filed: ______________________. An **Initial Case Management Conference** is scheduled for:

   Date: Time: Department:

2. Counsel and all parties certify they have met and conferred and have selected the following ADR process (*check one*):

   ☐ Court mediation ☐ Judicial arbitration
   ☐ Private mediation ☐ Private arbitration

3. All parties agree to complete ADR within 90 days and certify that:

   a. No party to the case has requested a complex civil litigation determination hearing;
   b. All parties have been served and intend to submit to the jurisdiction of the court;
   c. All parties have agreed to a specific plan for sufficient discovery to make the ADR process meaningful;
   d. Copies of this stipulation and self-addressed stamped envelopes are provided for returning endorsed filed stamped copies to counsel and all parties;
   e. Case management statements are submitted with this stipulation;
   f. All parties will attend ADR conferences; and,
   g. The court will not allow more than 90 days to complete ADR.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

______________________________ ▶ ______________________________

(TYPE OR PRINT NAME) (SIGNATURE OF PLAINTIFF)

Date:

______________________________ ▶ ______________________________

(TYPE OR PRINT NAME) (SIGNATURE OF ATTORNEY FOR PLAINTIFF)

ALA ADR-001

| PLAINTIFF/PETITIONER:<br>DEFENDANT/RESPONDENT: | CASE NUMBER.: |
|---|---|

Date:

______________________________ ▶ ______________________________

(TYPE OR PRINT NAME) (SIGNATURE OF DEFENDANT)

Date:

______________________________ ▶ ______________________________

(TYPE OR PRINT NAME) (SIGNATURE OF ATTORNEY FOR DEFENDANT)

<table>
<tr><td colspan="4">Attorney or Party without Attorney:<br>Richard E. Elder (SBN 205389)<br>LUBIN OLSON & NIEWIADOMSKI LLP<br>600 MONTGOMERY STREET 14TH FLOOR<br>SAN FRANCISCO , CA 94111<br>Telephone No: (415) 981-0550<br>Attorney For: Plaintiff ANZA RE, LLC, a Delaware limited liability company</td><td>Ref. No. or File No.:<br>03098.00002</td><td rowspan="3">For Court Use Only<br><br>ELECTRONICALLY FILED<br>Superior Court of California,<br>County of Alameda<br>11/05/2025 at 01:45:27 PM<br>By: Suzanne Pesko,<br>Deputy Clerk</td></tr>
<tr><td colspan="5">Insert name of Court, and Judicial District and Branch Court:<br>SUPERIOR COURT OF THE STATE OF CALIFORNIA COUNTY OF ALAMEDA</td></tr>
<tr><td colspan="5">Plaintiff: ANZA RE, LLC, a Delaware limited liability company<br>Defendant: TOTAL QUALITY LOGISTICS, LLC, an Ohio limited liability company</td></tr>
<tr><td>PROOF OF SERVICE SUMMONS</td><td>Hearing Date:<br>2/03/2026</td><td>Time:<br>2:30 PM</td><td colspan="2">Dept/Div:<br>DEPT 15</td><td>Case Number:<br>25CV140363</td></tr>
</table>

1. *At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the SUMMONS; COMPLAINT; CIVIL CASE COVER SHEET; NOTICE OF CASE ASSIGNMENT; NOTICE OF CASE MANAGEMENT CONFERENCE

3. *a. Party served:* TOTAL QUALITY LOGISTICS, LLC, an Ohio limited liability company
   *b. Person served:* Becca West, Taft Service Solutions, Registered Agent for Service of Process, Caucasian , Female , Age: 20-25 , Hair: Brown , Height: 5'0" , Weight: 110.

4. *Address where the party was served:* 425 Walnut Street SUITE 1800, Cincinnati, OH 45202

5. *I served the party:*
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: Mon, Nov 03 2025 (2) at *(time)*: 04:55 PM
   (1) [X] **(business)**
   (2) [ ] **(home)**
   (3) [ ] **(other)** :

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. [ ] as an individual defendant.
   b. [ ] as the person sued under the fictitious name of *(specify)*:
   c. [ ] as occupant.
   d. [X] On behalf of *(specify)*: TOTAL QUALITY LOGISTICS, LLC, an Ohio limited liability company
   under the following Code of Civil Procedure section:
   [ ] 416.10 (corporation)
   [ ] 416.20 (defunct corporation)
   [ ] 416.30 (joint stock company/association)
   [ ] 416.40 (association or partnership)
   [ ] 416.50 (public entity)
   [X] other: limited liability company
   [ ] 415.95 (business organization, form unknown)
   [ ] 416.60 (minor)
   [ ] 416.70 (ward or conservatee)
   [ ] 416.90 (authorized person)
   [ ] 415.46 (occupant)

| | | |
|---|---|---|
| *Plaintiff:* | ANZA RE, LLC, a Delaware limited liability company | *Case Number:* |
| *Defendant:* | TOTAL QUALITY LOGISTICS, LLC, an Ohio limited liability company | 25CV140363 |

Recoverable cost Per CCP 1033.5(a)(4)(B)

7. **Person who served papers**
   a. Name: Victoria Ammann
   b. Address: **FIRST LEGAL**
   1939 HARRISON STREET, SUITE 818
   OAKLAND, CA 94612
   c. Telephone number: (415) 626-3111
   d. **The fee** for service was: 309.25
   e. I am:
   (1) [X] not a registered California process server.
   (2) [ ] exempt from registration under Business and Professions Code section 22350(b).
   (3) [ ] a registered California process server:
   (i) [ ] owner [ ] employee [ ] independent contractor
   (ii) Registration No:
   (iii) County:

8. ***I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.***

11/03/2025

*(Date)*

*Victoria Ammann*