MATTHEW J. WILES (CA No. 270253)
FRANTZ WARD, LLP
20 E. Broad Street, Suite 200
Columbus, OH 43215
mwiles@frantzward.com
Ph: (614) 300-5277

*Attorney for Defendant Total Quality Logistics, LLC*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

ANZA RE, LLC,

                Plaintiff,

vs.

TOTAL QUALITY LOGISTICS, LLC,

                Defendant.

CASE NO. 3:25-CV-10383-TLT

**RE-NOTICE OF MOTION AND MOTION TO DISMISS FOR *FORUM NON CONVENIENS***

Hearing Date: March 3, 2026
Hearing Time:  2 p.m.
Judge:  Hon. Trina L. Thompson
Courtroom: 9 – 19th Floor

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on March 3, 2026, at 2 p.m. or as soon thereafter as the matter may be heard, in Courtroom 9 – 19th Floor, United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant Total Quality Logistics, LLC ("TQL") will, and hereby does, move to dismiss the

Complaint pursuant to the *forum non conveniens* doctrine, on the grounds that a valid, mandatory forum selection clause in a contract between the parties requires that the claims asserted against TQL be filed, if at all, in the state court in Clermont County, Ohio, which the contract states has exclusive jurisdiction over and is the exclusive venue for resolution of such claims.

This motion is based on this notice and motion, the Memorandum of Points and Authorities, Declaration of Marc Bostwick, the Complaint, as well as any such matters as may be presented to the Court at the hearing on this motion.

DATED:    December 30, 2025            FRANTZ WARD, LLP


By:*/s/ Matthew J. Wiles*

Matthew J. Wiles (270253)

Attorney for Defendant
TOTAL QUALITY LOGISTICS, LLC

2.

NOM AND MOTION TO DISMISS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on December 30, 2025, a true and accurate copy of the foregoing was filed using the Court's electronic filing service and was thereby served on any counsel of record or party registered therewith.

By: */s/ Matthew J. Wiles*
Matthew J. Wiles

3.

NOM AND MOTION TO DISMISS

MATTHEW J. WILES (CA No. 270253)
FRANTZ WARD, LLP
20 E. Broad Street, Suite 200
Columbus, OH 43215
mwiles@frantzward.com
Ph: (614) 300-5277

*Attorney for Defendant Total Quality
Logistics, LLC*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANZA RE, LLC,<br><br>                    Plaintiff,<br><br>vs.<br><br>TOTAL QUALITY LOGISTICS, LLC,<br><br>                    Defendant. | CASE NO. 3:25-CV-10383-SK<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOR *FORUM NON CONVENIENS***<br><br>Hearing Date: January 26, 2026<br>Hearing Time:  9:30 a.m.<br>Judge:  Hon. Sallie Kim<br>Courtroom:  C – 15th Floor |

## I.      INTRODUCTION

Plaintiff Anza Re, LLC ("Plaintiff") failed to attach to, or even mention in, its Complaint that it and Defendant Total Quality Logistics, LLC ("TQL") entered into a contract to govern the business transactions between them.  Had it done so, it would have become quickly apparent that filing and maintaining claims against TQL in this Court would run afoul of the forum selection clause in that contract,

which mandates that the claims in the Complaint must be asserted, if at all, in the state court in Clermont County, Ohio.  Accordingly, TQL respectfully submits that Plaintiff's claims must be dismissed and re-filed, if at all, in the forum designated in the forum selection clause.

## II.   RELEVANT FACTS

On August 7, 2024, Plaintiff and TQL entered into a contract containing terms and conditions that "apply to all transportation services provided by [TQL]." Bostwick Dec. ¶ 2 & Ex. A, Contract, Introductory Paragraph, p. 2.  The contract further provides the following:

> The state courts located in Clermont County, Ohio will have exclusive and irrevocable jurisdiction over and will be the exclusive and mandatory venue for any claim, counterclaim, dispute, or lawsuit arising in connection with any transactions, loads, or other business between [TQL] and [Plaintiff], and [Plaintiff] consents to and waives any objection to such jurisdiction

*Id.* ¶ 9.  This contract, which was signed by Plaintiff, was executed and submitted electronically.  Bostwick Decl. ¶ 3.

According to the Complaint, on February 28, 2025, Plaintiff alleges that TQL to "submitted a written proposal to Anza offering to handle and store certain goods." ECF No. 1-1, Compl. ¶¶ 13-14, at PageID 14.  Plaintiff alleges that the

2.

after the parties conducted an in-person inspection of the proposed warehouse and Anza submitted a schedule for deliveries, TQL informed Anza that the warehouse was unavailable because TQL had not executed an agreement with the owner of the warehouse. *Id.* ¶¶ 7-9, at PageID 12-13.

Plaintiff asserts two claims against TQL.  First, Plaintiff claims that TQL intentionally misrepresented that it could and would provide the Services at the warehouse.  ECF No. 1-1, Compl. ¶¶ 12-17, at PageID 13-14.  Second, Plaintiff claims that "[t]o the extent that TQL may have believed its representations" it was negligent in representing that it could and would provide Services at the warehouse. *Id.* ¶¶ 18-24, at PageID 14-15.

TQL respectfully submits that these claims are clearly covered by the forum selection clause and must be dismissed and pursued, if at all, in the Clermont County state court in Ohio.

## III.  **DISCUSSION**

### A.  **The Forum Selection Clause is Enforceable**

Federal Rule of Civil Procedure 12(b)(3) permits a party to file a motion to dismiss a complaint where venue is improper, and "[f]ederal law applies to the interpretation of forum selection clauses in diversity cases." *Mango Dundas LLC v. Dundas*, No. 2:24-CV-07543-HDV-AGR, 2025 U.S. Dist. LEXIS 50792, at *5 (C.D. Cal. Mar. 19, 2025) (citing *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 513 (9th Cir. 1988).  *See also Sun v. Advanced China Healthcare, Inc.*, 901

3.

F.3d 1081, 1086 (9th Cir. 2018).  Courts have repeated held that forum selection clauses "are prima facie valid, and are enforceable absent a strong showing the by the party opposing the clause that enforcement would be unreasonable or unjust, or that the clause [is] invalid for such reasons as fraud or overreaching." *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 514 (9th Cir. 1988) (internal citations and quotations omitted). "A forum selection clause pointing to a federal forum is enforceable through a motion to transfer under 28 U.S.C. § 1404(a), while a clause pointing to a state or foreign forum is enforceable through a motion to dismiss under the doctrine of forum non conveniens." *Mango Dundas LLC v. Dundas,* 2025 U.S. Dist. LEXIS 50792, at \*5, (citing *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 58-61, 134 S. Ct. 568, 187 L. Ed. 2d 487 (2013). Of note, in this analysis, Plaintiff's choice of forum "merits no weight" and the Court does not consider private interest factors as "they are deemed to weigh entirely in favor of the preselected forum." *Id.* at \*6.

The initial inquiry for the Court is whether the clause here is mandatory or permissive.  "[W]here venue is specified with mandatory language the clause will be enforced.  Where only jurisdiction is specified the clause will generally not be enforced without some further language indicating the parties' intent to make jurisdiction exclusive." *Docksider, Ltd. v. Sea Tech., Ltd.*, 875 F.2d 762, 764 (9th Cir. 1989) (internal citations omitted).

Here, the forum selection clause specifies exclusive and irrevocable

4.

jurisdiction of the state court in Clermont County, Ohio, which the clause further states is the exclusive and mandatory venue.  Thus, the clause is mandatory.

Given the same, the hill Plaintiff must climb to avoid enforcement of the clause is steep.  Plaintiff's burden to demonstrate one of the three grounds listed is a "heavy" one.  *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 497 (9th Cir. 2000), *quoting Fireman's Fund Ins. Co. v. M.V. DSR Atl.*, 131 F.3d 1336, 1338 (9th Cir. 1997).  And that burden will only be satisfied if Plaintiff can prove that one or more of the grounds "overwhelmingly disfavor[s] a [dismissal]." *See Atlantic Marine Constr. Co. v. U.S. Dist. Court*, 571 U.S. 49, 66 (2013).

While it will be Plaintiff's burden to demonstrate that the clause is not enforceable, it is difficult to see what plausible argument could be mounted. Plaintiff not only failed to attach the contract to its Complaint, but it further failed to mention that a case had already been filed in the proper Ohio court by TQL, encompassing the transaction at dispute here. The Ohio case initiated by TQL for breach of contract included the contract as an attachment and quoted the forum selection clause. Anza subsequent filing in an improper venue can only be seen as forum shopping.

Thus, the forum selection clause is valid and enforceable.

### B.    The Forum Selection Clause Covers the Claims Asserted Against TQL

The next issue is whether the claims asserted are covered by the clause.  As

5.

noted, the clause covers "any claim, counterclaim, dispute, or lawsuit arising in connection with any transactions, loads, or other business between [TQL] and [Plaintiff]." By its own admission in the Complaint, Plaintiff's claims arise directly from a transaction/load/business between TQL and Plaintiff.

Thus, the claims asserted against TQL are covered by the forum selection clause. Transferring those claims is not an option, they must be dismissed. The forum selection clause specifically identifies only the Clermont County state court as the exclusive venue for such claims and the Court can only transfer a matter to another federal court. Moreover, even if the word "state" was removed from the phrase "state courts located in Clermont County, Ohio," the result would be the same, as there is no federal courthouse in that county. *See City of Albany v. CH2M Hill, Inc.*, 924 F.3d 1306, 1308 (9th Cir. 2019) ("An agreement limiting venue for litigation to a particular county unambiguously prohibits litigation in federal court when there is no federal courthouse located in the designated county.").

## IV.  CONCLUSION

Accordingly, for the foregoing reasons, TQL respectfully requests that the Court dismiss the Plaintiff's Complaint.

6.

DATED:    December 10, 2025          FRANTZ WARD, LLP


By:*/s/ Matthew J. Wiles*

Matthew J. Wiles (270253)

Attorney for Defendant
TOTAL QUALITY LOGISTICS, LLC

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on December 10, 2025, a true and accurate copy of the foregoing was filed using the Court's electronic filing service and was thereby served on any counsel of record or party registered therewith.


*/s/ Matthew J. Wiles*
Matthew J. Wiles (270253)

7.